UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIRRELL LAMAR GRIMSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00134-ACL |
| ) | |
| DEWY VEAK et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On September 17, 2025, the Court denied Plaintiff's "Order Permitting Appeal In Forma Pauperis," construed as a motion to proceed *in forma pauperis*, because it failed to comply with the Local Rules of this Court and the federal statute under which it could be granted. [*See* Docs. 2, 4]. In that denial, the Court directed Plaintiff to either pay the full filing fee or submit a new, completed motion to proceed *in forma pauperis* within thirty (30) days. [Doc. 4 at 3]. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice. [*Id.* at 4]. Plaintiff's response was due by October 17, 2025.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Plaintiff had neither paid the filing fee nor submitted a motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without

prejudice, due to Plaintiff's failure to comply with the Court's September 17, 2025 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of November, 2025.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE