UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TIRRELL LAMAR GRIMSLEY,        )
                              )
            Plaintiff,        )
                              )
    v.                        )  Case No. 1:25-cv-00134-ACL
                              )
DEWY VEAK, et al.,            )
                              )
            Defendants.       )

## MEMORANDUM AND ORDER

This closed matter is before the Court on several filings from self-represented Plaintiff Tirrell Grimsley.  [Docs. 8-16].  Most of these filings are letters to the Court.  However, the Court's Local Rules do not permit parties to communicate with the Court by informal letters.  Parties may only address the Court through motions and memoranda, unless otherwise directed by the Court.  *See* E.D. Mo. Local Rule 4.04(A).  Despite this Rule violation, the Court has reviewed all of Plaintiff's filings and liberally construed three of them as motions seeking relief.  [*See* Docs. 8-10].  For the reasons discussed below, Plaintiff's post-dismissal motions will be denied.

### Case Background

Plaintiff initiated this 42 U.S.C. § 1983 action in August 2025 against parties involved in his then-pending state criminal case, including two state-court judges, a prosecutor, public defenders, former coworkers, the State of Missouri, and the Benton County Jail.  [Doc. 1 at 1-3].  Plaintiff alleged that the victim in the assault charge pending against him—a former coworker—was conspiring with a state-court judge to

bring false charges against him, based on tampered-with evidence, due to racial animus. [*Id.* at 3-4].  In addition to assertions regarding his unfair state-court trial, Plaintiff complained about the conditions of confinement at the Benton County Jail.  [*Id.* at 5].

Along with his Complaint, Plaintiff filed an "Order Permitting Appeal In Forma Pauperis."  [Doc. 2].  The Court construed the filing as a motion to proceed *in forma pauperis* and denied it because it did not comply with the Local Rules of the Court or the federal statute under which it could be granted.  [Doc. 4 at 1-2 (citing E.D. Mo. L.R. 2.05(A); 28 U.S.C. § 1915(a)(1))].  The Court directed Plaintiff to either pay the full filing fee or file a new motion to proceed *in forma pauperis* on a Court-provided form. The Court reminded Plaintiff that if he chose to file a new motion, he would be required to file a certified account statement from his place of incarceration, showing the last six (6) months of account activity.  [*Id.* at 2].  The Court also denied Plaintiff's motion for appointment of counsel.  [*Id.* at 2-3].

Plaintiff's filing fee or new motion to proceed *in forma pauperis* was due by October 17, 2025.  When he had not paid the fee or filed anything by November 4, 2025, his case was dismissed for failure to comply with a Court Order and failure to prosecute his case.  [Doc. 6 (citing Fed. R. Civ. P. 41(b))].

Finally, the Court notes that based on an independent review of Plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was committed to the Missouri Department of Mental Health in September 2025, soon after

-2-

initiating this action.[1] *See State v. Grimsley*, No. 24SO-CR00862 (33rd Jud. Cir. filed Oct. 2, 2024).

**Plaintiff's Post-Dismissal Filings**

Since dismissal of this matter, Plaintiff has submitted nine (9) filings in this case. [Docs. 8-16].  None of these filings are captioned for this civil case.  All but one of the filings begins as a letter addressed to one of the Judges of this Court.  In his first letter filed post-dismissal, Plaintiff claims that this case was dismissed due to prejudice and race, and not "based on the facts."  [Doc. 8 at 1].  He alleges that the Court is supporting the "red state" and the "KKK" with "white sheets."  [*Id.*]  Plaintiff never states what relief he seeks in filing his letter, instead he claims that he "do[es]n't expect … to change [the Court's] opinion."  [*Id.*]

Many of the subsequent letters from Plaintiff are nearly identical.  They are addressed to various judges of this Court, complaining about treatment in his state-court criminal matter and the conditions of confinement at the Benton County Jail.  [Docs. 9-15].  One of the letters has an attached motion to proceed *in forma pauperis* (Doc. 9 at 2-3), but Plaintiff never filed a certified account statement in support of the motion.  Finally, Plaintiff's last filing—received January 2, 2026—appears to be correspondence between Plaintiff and the Missouri State Public Defenders Office, the Missouri Office of Prosecution Services, the Missouri Department of Mental Health, and others involved in

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

his state court criminal matter.  [Doc. 16].  It is unclear how this filing is related to this federal matter.

## Discussion

To the extent Plaintiff's first letter (or any of the subsequent letters) can be considered a motion to reconsider the denial of his "Order Permitting Appeal In Forma Pauperis," this relief is denied.  [*See* Docs. 2 & 4].  Plaintiff's "Order" contained no financial information by which the Court could determine whether he qualified to proceed without prepayment of fees and costs.  This financial information is required for the Court to determine *in forma pauperis* status.  *See* E.D. Mo. L.R. 2.05(A); 28 U.S.C. § 1915(a)(1)-(2).  Plaintiff's letters present no grounds on which reconsideration of this matter would be appropriate.[2]  Nothing in Plaintiff's letters persuades the Court that this decision should be reversed.  Plaintiff's accusations of racism and prejudice by the Court do not excuse the lack of financial information provided in support of his request to proceed *in forma pauperis*.

To the extent that Plaintiff seeks to reopen this case so that his late-filed motion to proceed *in forma pauperis* (Doc. 9 at 2-3) may be considered by the Court, this request is also denied.  It would be futile to reopen this matter to consider Plaintiff's motion because he did not file the required prison account statement in support of his motion.  This account statement is required under federal statute for a prisoner seeking *in forma*

---

[2] Although no legal standard for reconsideration is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).

-5-

*pauperis* status.  *See* 28 U.S.C. § 1915(a)(2).  In addition, the Court warned Plaintiff that the account statement was required to support his motion (*see* Doc. 4 at 2) and the form motion itself also reminds the filer of the need to attach a statement (*see* Doc. 9 at 2).  As such, it would be futile to reopen this case to consider Plaintiff's late motion because the motion does not comply with the requirements of the federal statute.

Finally, to the extent that Plaintiff's post-dismissal filings seek appointment of counsel in this civil matter, this relief is also denied.  [*See* Doc. 10].  Because this case is closed, appointment of counsel would not be appropriate.  For all these reasons, Plaintiff's post-dismissal motions (Docs. 8-10) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's post-dismissal motions for relief [Docs. 8-10] are **DENIED**.

Dated this 27th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

-5-